UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MARIE MEZA, | No. 2:23-cv-00305-SCR |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.  For the reasons that follow, the Court will deny Plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] Colvin became the acting Commissioner of Social Security on November 30, 2024.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Colvin is substituted as the defendant in this suit.

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB in May 2021 and for SSI in June 2021. Administrative Record ("AR") 330-332.[2] Plaintiff alleged the disability onset date was September 3, 2020.[3] AR 330. The applications were disapproved initially, and on reconsideration. On July 7, 2022, administrative law judge ("ALJ") Joyce Frost-Wolf presided over a hearing on plaintiff's challenge to the disapprovals. AR 58-85 (transcript). Plaintiff participated in the telephonic hearing. Plaintiff had a representative at the hearing. AR 60. Joey Kilpatrick, a vocational expert, also testified.

On August 3, 2022, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 18-30 (decision). On January 10, 2023, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. AR 1-3 (decision).

Plaintiff filed this action on February 20, 2023. ECF No. 1. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (Plaintiff's summary judgment motion), 21 (Commissioner's summary judgment motion). Plaintiff did not file an optional reply brief.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1968 and was 53 years old when she filed her application. AR 330. Plaintiff has a high school education. AR 67. Her written application alleged she was unable to work due to a "disabling condition." AR 330. Plaintiff worked for 16 years as a medical records clerk, and last worked in 2019.[4] AR 68, 345. Plaintiff testified that her symptoms caused pain and that she often needed to sit or lay down. AR 73. She testified she was "very limited" in doing household chores. AR 70. She testified that for hobbies she would watch TV, read, and

---

[2] The AR is electronically filed at ECF No. 10-2. Page references are to the number in the lower right corner of the page, not the CM/ECF generated header.

[3] Plaintiff previously applied for disability benefits with an alleged onset date of June 2016, and was found to be not disabled in an ALJ decision of September 2, 2020. AR 89-102.

[4] It appears from the earnings statement that Plaintiff did not work in 2017 or 2018, and worked part-time in 2019. AR 345.

1  crochet.  AR 71.  She testified that her depression made her want to sleep more, and that
2  sometimes to deal with depression and stress she goes for walks outside.  AR 72.  On examination
3  from her representative, Plaintiff also testified that after five minutes of activity she needs to sit or
4  lay down for three hours.  AR 73.  She also claimed that she needs to isolate herself periodically
5  from friends and family—about three times a week for "five hours to all day."  AR 74.

6  On Plaintiff's Function Report (AR 370-77) she described problems with physical
7  impairments, including lower back and shoulder pain.  AR 370.  Plaintiff indicated she engaged
8  in social activities in person, on the phone, and on Facetime.  AR 374.  She would meet others to
9  drink coffee and talk and attended a weekly church group.  AR 374.  Her daughter's third-party
10  function report similarly focused on physical impairments.  AR 378-85.

### III. LEGAL STANDARDS

12  The Commissioner's decision that a claimant is not disabled will be upheld "if it is
13  supported by substantial evidence and if the Commissioner applied the correct legal standards."
14  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the
15  Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" *Andrews*
16  *v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

17  Substantial evidence is "more than a mere scintilla," but "may be less than a
18  preponderance."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant
19  evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*
20  *Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from
21  the record can constitute substantial evidence, only those 'reasonably drawn from the record' will
22  suffice."  *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

23  Although this court cannot substitute its discretion for that of the Commissioner, the court
24  nonetheless must review the record as a whole, "weighing both the evidence that supports and the
25  evidence that detracts from the [Commissioner's] conclusion."  *Desrosiers v. Secretary of HHS*,
26  846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The
27  court must consider both evidence that supports and evidence that detracts from the ALJ's
28  conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. SUBSTANTIVE LAW

A claimant is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id*., §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

4

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.*, §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make her capable of performing her past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since September 3, 2020, the alleged onset date (AR 21).
>
> 2. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar and thoracic spine; degenerative joint disease, with osteopenia, in the knees; sclerosis of the hips; and mild obesity (AR 21).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 23).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except she requires jobs that can be performed either sitting or standing with the ability to alternate positions no more frequently than every 30 minutes while remaining at the workstation and on task. The claimant can occasionally climb ramps/stairs but never ladders/robes/scaffolds.

She can occasionally balance, stoop, kneel, crouch, and crawl. Furthermore, she cannot work in environments with concentrated exposure to extreme cold, wetness, or dampness, and she cannot work around heavy machinery with fast moving parts or at unprotected heights (AR 23-24).

5. [Step 4] The claimant is capable of performing her past relevant work as a medical records clerk (AR 27).

6. [Step 5] The claimant was born in 1968 and was 51 years old, which is defined as an "individual closely approaching advanced age" on the alleged onset date. (20 CFR §§ 404.1563 and 416.963) (AR 28).

7. [Step 5, continued] The claimant has at least a high school education (AR 28).

8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2) (AR 28).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (AR 28).

10. The claimant has not been under a disability, as defined in the Social Security Act, from September 3, 2020 through the date of the ALJ's decision. (AR 28).

## VI.   ANALYSIS

Plaintiff challenges the ALJ's evaluation of medical opinion evidence in determining Plaintiff's residual functional capacity ("RFC") at Step 4. Plaintiff alleges that the ALJ erred by discounting opinions concerning her mental impairments rendered by: (1) consultative examiner Dr. G.E. Washington, a clinical psychologist; and (2) treating physician Dr. Silvia Diego. ECF No. 15 at 3. As explained below, the ALJ's assessment of those opinions was reasonable and supported by substantial evidence.

**A.   Rules for Evaluating Medical Opinions**

Plaintiff asserts that the ALJ "failed to properly evaluate the opinion of consultative examiner, Dr. Washington, and treating source, Dr. Diego." ECF No. 15 at 3. With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017. Those new regulations changed the framework for evaluation of medical opinion evidence. *See* Revisions to

Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules"), 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a) & (b), 416.920c(a) & (b); *see also Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies.  Now an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

Several factors are used to evaluate the persuasiveness of a physician's opinion, including: supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).  Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).  Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence.  *Id.*  In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she]

considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

### B. Consultative Examiner G. E. Washington, Psy.D

Plaintiff argues that Dr. Washington's examination revealed "numerous abnormal psychiatric findings." ECF No. 15 at 16. As a threshold matter, Plaintiff's focus on the mental health evidence at Step 4 is somewhat peculiar, as the ALJ did not find severe mental impairments at Step 2, and Plaintiff does not challenge the Step 2 finding. However, an ALJ is still "required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe." *Carmickle v. Commissioner*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Court will thus review the ALJ's assessment of Dr. Washington's opnions.

Dr. Washington examined Plaintiff in August 2021. AR 623-27. Dr. Washington observed that Plaintiff's posture, gait, and mannerisms were within normal limits and that she presented in a cooperative and responsive manner. AR 623. Plaintiff reported that she had experienced worsening depression after her father-in-law died near the beginning of the Covid pandemic and family members were unable to visit in the hospital. AR 623-24. Plaintiff denied any history of psychiatric hospitalization or counseling. AR 624. Plaintiff was not taking any psychotropic medications. AR 624. Plaintiff reported she was able to drive and perform her activities of daily living. AR 625. During the examination, Plaintiff appeared to be of average intellectual functioning, her memory was intact, concentration and fund of knowledge were fair. AR 625. Dr. Washington opined that Plaintiff had moderate impairment in the following areas: 1) ability to perform work activities on a consistent basis; 2) ability to complete a normal workday or workweek without interruption from a psychiatric condition; 3) ability to maintain regular attendance in the workplace; and 4) ability to deal with the usual stresses encountered in competitive work. AR 626-27. Dr. Washington also found Plaintiff had no impairment in several areas:  1) ability to perform detailed and complex tasks; 2) ability to perform simple and repetitive tasks; 3) ability to perform work activities without special supervision; 4) ability to understand and accept instructions from supervisors; and 5) ability to interact with coworkers and

the public.  AR 626.

The ALJ found Dr. Washington's opinion to be unpersuasive.  AR 23.  The ALJ found Dr. Washington's opinion as to moderate limitations was not supported by his own observations, such as that Plaintiff participated cooperatively in the exam and demonstrated no cognitive deficits.  AR 23.  The ALJ also found Dr. Washington's opinion unsupported as he did not explain what specific findings supported the moderate limitation findings.  AR 23.  When considering supportability, the ALJ considers "supporting explanations presented by the medical source."  20 C.F.R. § 404.1520c(c)(1).  Here the ALJ found the explanations lacking.  The ALJ also found Dr. Washington's opinion inconsistent with other evidence of record.  AR 23.  The ALJ noted that Plaintiff was not taking any psychotropic medication at the time of the evaluation with Dr. Washington (a point that Dr. Washington also noted) and cited to other treatment records that did not support a finding of more than mild impairment in mental functioning.  AR 23.  The ALJ cited to a treatment note from May 19, 2021, where Plaintiff stated she was hesitant to try medication and was addressing her anxiety and depression by taking time to herself and meditating.  AR 493.  Several months later, at a November 2021 appointment, Plaintiff "admits she hasn't tried antidepressant PCP prescribed several months ago," even though she reported feeling more stressed for the holidays and indicated she was open to trying medication.  AR 671.

The ALJ reasonably evaluated Dr. Washington's opinion, and the ALJ's decision to discount that opinion is supported by substantial evidence.  The ALJ appropriately considered whether Dr. Washington had adequately explained his opinion.  *See* 20 C.F.R. § 404.1520c(c)(1) (in considering supportability the ALJ considers "the objective medical evidence and supporting explanations presented by the medical source").  Dr. Washington based his opinions largely on Plaintiff's self-report.  AR 623 ("[t]he source of information was the claimant who appeared to be a fair-quality historian").  The ALJ made findings discounting Plaintiff's subjective symptom testimony.  AR 22 ("evidence illustrates non-compliance with treatment and lack of candor with a prescribing provider, all of which, in turn, undermines her allegations of severe depression and anxiety"); AR 26 ("symptoms are not fully supported by the preponderance of the evidence or

record."). Plaintiff does not challenge these findings.[5] The ALJ's conclusion that Dr. Washington's moderate limitations were not supported by his own examination findings is supported by substantial evidence. The ALJ reasonably found Dr. Washington's opinion to be unpersuasive.

**C. Silvia Diego, M.D.**

Dr. Diego was a treating provider for Plaintiff. She completed a four-page statement on medical opinions as to Plaintiff's physical impairments. AR 630-33. Dr. Diego opined that Plaintiff could maintain attention and concentration for two hours, but would be off task up to 25% of the workday and would likely miss four or more days per month if she was attempting full time work. AR 630. Dr. Diego stated these limitations would be due to fatigue and the effects of pain. AR 631. Dr. Diego further opined that Plaintiff could sit for 8-hours in workday, could stand/walk for 4 hours, and that she did not require the option to sit/stand at will. AR 631. Dr. Diego stated Plaintiff would need to lie down during the workday, but also stated that when sitting Plaintiff would not need to elevate her legs. AR 632.

The ALJ found this opinion was not persuasive. AR 27. The ALJ found that the opinion was not supported by specific objective findings and instead relied on Plaintiff's subjective reporting,[6] specifically as to things such as need for breaks and use of a "walking stick." AR 27. When assessing limitations, Dr. Diego left blank the portions of the evaluation form which requested: "Identify the particular medical or clinical findings . . . which support your assessment

---

[5] The Commissioner argues that as Plaintiff did not challenge the ALJ's analysis of her subjective symptom allegations that she has effectively conceded the analysis was correct and forfeited any challenge in that regard. ECF No. 21 at 7 n.2. Plaintiff offered nothing in reply to this argument, and the Court agrees that there is no challenge to the discounting of Plaintiff's subjective symptom testimony before the Court.

[6] As previously discussed, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not fully supported by the preponderance of the evidence of record." AR 26. The ALJ found Plaintiff's "complaints of right leg swelling, requiring frequent elevation, are not well established in the file." AR 26. Plaintiff has not challenged these findings concerning her subjective symptom testimony. "An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and citation omitted).

of limitations and why the findings support the assessment." AR 631-33. "An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). The ALJ also found Dr. Diego's opinion was sometimes inconsistent with Plaintiff's own self reports, and the ALJ gave as an example that Plaintiff reported sitting and lying down caused back pain and that walking around helped. AR 27 citing AR 494 (patient reports lower back pain when sitting and lying down); AR 580 ("As she was able to walk around she was feeling better but notes when she sits for longer she starts to hurt."). The ALJ further noted that Dr. Diego's opinion that Plaintiff needed a cane as an ambulatory aid was not documented or established in the record, and that medical records from September 2021, indicated that Plaintiff was "able to ambulate without issue." AR 27 citing AR 647 ("patient is able to ambulate without issue" and her range of motion is "intact"). There are numerous references in the record to normal gait. *See for example* AR 705, 711, 717, 722, 852, 858, 887, 1034 ("Normal gait, no assistive device use for ambulation").

The ALJ reasonably found Dr. Diego's opinion to be not persuasive and evaluated the supportability and consistency of the opinion as required by the Regulations. The ALJ's decision is supported by substantial evidence.

### VII. CONCLUSION

Plaintiff had the burden to prove disability. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) ("The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish entitlement to disability insurance benefits.") (cleaned up). The ALJ found that burden was not met. In this action, Plaintiff argues that the ALJ improperly evaluated the medical opinion evidence offered by Dr. Washington and Dr. Diego. As set forth above, the ALJ properly considered the supportability and consistency of those opinions, and the ALJ's conclusion is supported by substantial evidence. *See Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion")

(internal quotation and citation omitted).  Accordingly, for the reasons set forth above:

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 15) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21) is GRANTED; and

3. The Clerk shall enter judgment in favor of the Commissioner and close this file.

DATED:  January 10, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE